IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH N. TALLIE,

    **Plaintiff,**

    v.                                                                  CASE NO. 22-3291-JWL-JPO

CRAWFORD COUNTY JAIL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff is a state pretrial detainee confined at the Crawford County Jail ("CCJ") in Girard, Kansas. He proceeds *pro se* and *in forma pauperis*. On November 28, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 3) (MOSC), granting Plaintiff until December 28, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. The Court extended the response deadline to January 11, 2023. (Doc. 8.) Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations are set forth in detail in the MOSC. In general, he claims two instances of excessive force by staff at the CCJ. One incident occurred after Plaintiff threw a trash can across the pod and began filing a grievance at the kiosk. Another incident occurred after Plaintiff began screaming, cursing, and kicking the pod door because he was denied paper and a pen. Plaintiff also claims access to a tablet was revoked for four days for disciplinary reasons.

The Court found in the MOSC that Plaintiff's Complaint violates Fed. R. Civ. P. 20(a)(2) and Fed. R. Civ. P. 18(a). The Court also found that Plaintiff names two improper defendants: the CCJ and the Crawford County Sheriff's Office. Plaintiff has identified no specific policy or

1

deficiency in the training program used by the Sheriff or Crawford County and no causal link between any such inadequacy and the allegedly unconstitutional acts or inactions of CCJ guards. Plaintiff also failed to allege any personal participation by Defendants Dill, Smith, and Kayla Johnston. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

The Court also found in the MOSC that Plaintiff's factual allegations, even when taken as true, are insufficient to support a plausible claim of excessive force by Defendant Charlotte. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Not "every malevolent touch by a prison guard gives rise to a federal cause of action."); *Smith v. Iron County*, 692 F.2d 685 (10th Cir. 1982) (A prison guard's use of force against a prisoner is not always a constitutional violation.). The Court found that Plaintiff failed to state a Sixth Amendment claim and failed to allege an actual injury or that Defendants frustrated or impeded his ability to file or litigate a non-frivolous action.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint and may be dismissed without further prior notice for failure to state a claim." (Doc. 3, at 15–16.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated January 17, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
